UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE DUVAL,

    Petitioner,

v.                                  Case No: 8:15-cv-2645-T-30AAS
                                    Crim. Case No: 8:10-cr-136-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

THIS CAUSE comes before the Court on Petitioner's "Motion to Reinstate Habeas Pursuant to 28 USC 2255" (Doc. 19). For the reasons below, the Court grants the motion to reinstate the § 2255 Motion, and concludes that the § 2255 Motion should be denied.

## BACKGROUND

In 2010, Petitioner was indicted for being a felon in possession of a firearm (counts I and II), and possessing with intent to distribute crack cocaine (counts III and IV). (CR Doc. 1). Petitioner pleaded guilty to count I, and the Court accepted the plea agreement. (CR Docs. 29, 31, and 35). On April 21, 2011, the Court sentenced Petitioner to 188 months' imprisonment on count I, and dismissed counts II, III, and IV. (Doc. 74).

Prior to sentencing, the Probation Office prepared a presentence investigation report ("PSR") that recommended Petitioner be sentenced as an armed career criminal based on her prior convictions. (PSR at ¶ 35). Specifically, Petitioner had prior convictions for sale of rock cocaine, sale of cocaine, and robbery under Florida law. (PSR at ¶ 35; CV Doc. 1).

Based on this recommendation, the Court sentenced Petitioner as an armed career criminal, which carries a fifteen-year mandatory-minimum sentence. (CR Doc. 83, pp. 6–7).

Petitioner timely appealed her conviction and sentence, arguing that the Court erred in designating her an armed career criminal. *United States v. Duval*, 459 F. App'x 887 (11th Cir. 2012). The Eleventh Circuit Court of Appeals affirmed the sentence. *Id.*

On November 10, 2015, Petitioner filed a timely § 2255 Motion challenging her armed career criminal designation under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In her Motion, she argues that her prior Florida robbery conviction, on which the Court relied to designate her an armed career criminal, can no longer be used as a predicate offense. (CV Doc. 1). That is because Florida robbery convictions, Petitioner argues, qualified under the Armed Career Criminal Act's (the "ACCA") residual clause, which was invalidated in *Johnson*. (CV Doc. 1).

After receiving briefs from both sides, this Court stayed the proceedings pending the outcome of *United States v. Seabrooks*, 839 F.3d 1326 (11th Cir. 2016), in which the Eleventh Circuit would consider whether Florida robbery qualified as an ACCA predicate offense after *Johnson*. (Doc. 17). After *Seabrooks* was decided, Petitioner asked the Court to continue the stay pending the result of *United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016), which Petitioner argued was more similar to the facts of her case. (CV Doc. 18). After the *Fritts* decision was issued, though, neither Petitioner nor the Government moved the Court to reopen the case to rule on Petitioner § 2255 Motion. That is until Petitioner filed the instant motion to reinstate her § 2255 Motion. (CV Doc. 19).

## DISCUSSION

Whether Petitioner is entitled to relief depends on whether her Florida robbery conviction qualifies as a predicate offense under the ACCA. While that answer was not entirely clear before *Seabrooks* and *Fritts*, there is no question that a Florida robbery conviction qualifies as an ACCA predicate offense under its elements clause. *See United States v. Seabrooks*, 839 F.3d 1326, 1338 (11th Cir. 2016) ("Florida armed robbery convictions under Fla. Stat. § 812.13 qualify as violent felonies under the ACCA's elements clause in § 924(e)(2)(B)(I)."); *United States v. Fritts*, 841 F.3d 937, 940 (11th Cir. 2016) ("Our *Dowd* precedent and our conclusion here are also supported by our decisions holding that a Florida robbery conviction under § 812.13(1), even without a firearm, qualifies as a 'crime of violence' under the elements clause in the career offender guideline in U.S.S.G. § 4B1.2(a), which has the same elements clause as the ACCA."). So the Court concludes Petitioner's § 2255 Motion must be denied because her Florida robbery conviction continued to qualify as an ACCA predicate offense after *Johnson*, 135 S. Ct. 2551.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Petitioner's "Motion to Reinstate Habeas Pursuant to 28 USC 2255" (Doc. 19) is GRANTED.

2. The Clerk is directed to reopen this case.

3. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DENIED.

4. All pending motions are denied as moot.

5. The Clerk is directed to close this file.

6.  The Clerk is further directed to terminate from pending status the motion to vacate found at Doc. 93 in case 8:10-cr-136-T-30EAJ.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id*. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of July, 2018.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record